UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20673-CR-GRAHAM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEE ERNEST BROCK,                **REPORT AND RECOMMENDATION**

    Defendant.
_____/

On or about May 27, 2010, court-appointed defense counsel Herman Frank Rubio ("Counsel") submitted a voucher application numbered FLS 09 2555 with appended time sheets requesting $22,738.70 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied detailed time sheets and a Memorandum in Support of Attorney's Fee Request dated May 27, 2010 (the "Memorandum") in support of his voucher application. Counsel represented Defendant Lee Ernest Brock ("Defendant") for eight (8) months from his appointment on August 7, 2009 until May 27, 2010.

Counsel seeks $22,738.70 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Donald L. Graham entered an Order of Reference **[DE # 1195]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. "[T]his case commenced with an indictment which charged serious offenses, involving twenty-nine co-defendants, a large quantity of drugs, criminal history issues, and calling for a minimum mandatory sentence of ten years to life on the conspiracy and five years to forty on the possession charges, with guideline ranges of more than fifteen years." (Memorandum at 2). Defendant "was charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base (crack cocaine). In addition he was charged with possession with intent to distribute five or more grams of cocaine base (crack cocaine)." (Memorandum at 1). The government later filed a Superseding Indictment. **[DE # 209]**.

According to Counsel, "[s]ignificant legal issues presented themselves from the inception of this representation." (Memorandum at 2). "There were legal issues concerning the quantity of drugs, role adjustments, and departures and upward adjustments which had to be addressed and researched." (Memorandum at 2). "The defendant's extensive prior criminal history required research of the prior records and meetings with probation on the scoring of the priors . . . . Based upon the research, the preparation and arguments made,

the Government and Probation ultimately agreed to the objection on the contested criminal history scoring. This allowed the defendant to be classified as a category III and also avoid career criminal classification." (Memorandum at 2).

Second, the discovery in this matter was voluminous. Counsel explained that there was a "huge amount of discovery" in this case and as a result, "[e]xtensive time was spent preparing this case, reviewing the discovery and evidence, researching complex issues regarding the charges and advisory sentence computations, negotiations with government, consulting with probation, and handling the pre-sentence investigative report filed by probation." (Memorandum at 2). The sheer volume of documents in a case involving a total of thirty (30) defendants which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

Third, the representation of Defendant required Counsel to make a number of court appearances in this case. Plaintiff represented Defendant at an initial appearance (8/7/09) and at an arraignment (8/13/09). Counsel also appeared at a calendar call (2/10/10) and a number of status conferences (9/4/09, 11/6/09, 1/20/09 and 1/13/10). Defendant pled guilty to Count 20 of the Indictment. **[See DE # 1046]**. Thereafter, Counsel represented Defendant at a change of plea hearing (2/26/10) and at sentencing (5/25/10). Defendant was sentenced to sixty (60) months imprisonment. **[See DE # 1046]**.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess

of the $9,700.00 statutory maximum.

### Voucher Amount - Administrator's Review

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 8.1 in-court hours totaling $918.00.

The CJA administrator also reviewed the 188 out-of-court hours sought by Counsel. Counsel sought compensation for 32.3 hours for "Interviews and conferences" and 88.3 hours for "Obtaining and reviewing records." Counsel also sought compensation for 21.3 hours for "Legal research and brief writing" and 23.0 hours of "Travel time." Counsel listed 23.1 hours for "Investigative and Other work." The CJA administrator made no changes to the out-of-court hours listed in the voucher.

Counsel also sought $105.00 in "Travel Expenses" and $19.20 in "Other Expenses." The CJA administrator reduced the total for "Travel Expenses" to $50.00. After making this adjustment, the CJA administrator concluded that the total amount sought for out-of-court hours was $21,695.50 and the overall total amount documented by Counsel in the voucher decreased slightly from $22,738.70 to $22,682.70.

### In-Court Hours[1]

Counsel sought 8.1 in-court hours totaling $918.00. The CJA administrator made no changes to these numbers. I approve this amount as reasonable.

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

## Out-of-Court Hours

In the voucher, Counsel sought 188 out-of-court hours. The CJA administrator reviewed the voucher and made no changes to the number of hours claimed by Counsel.

Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. Following submission of his voucher, I met with Counsel on October 6, 2010 and asked him to explain these entries. Counsel clarified many of the questionable entries. A few of the troublesome entries remain, however, and I recommend that these entries be eliminated:

| Date | Description | Hours |
|---|---|---|
| 8/12/09 | Tel. conf. with AUSA Andrea Hoffman | 0.2 hours |
| 8/12/09 | Tel. conf. with Steve Haguel co-counsel on case | 0.2 hours |
| 8/12/09 | Tel. conf with Stephanie from Mag. Brown's ofc. | 0.2 hours |
| 10/10/09 | Tel. conf. with AUSA Hoffman (Sat. On cell #) | 0.2 hours |
| 1/26/10 | Rec. and review of e-mails from AUSA Andrea Hoffman | 0.2 hours |
| 1/27/10 | Conf with AUSA Andrea Hoffman | 2.7 hours |
| 2/10/10 | Conf. with AUSA Andrea Hoffman | 0.2 hours |
| 2/16/10 | Tel. conf. with AUSA Hoffman | 0.2 hours |

I recommend that the above entries be eliminated because these entries are not sufficiently detailed to comport with the requirements of the "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court. The Supplemental Instructions make clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." Although Counsel identified the parties to the conversations, Counsel failed to explain the reason for the duration of these conferences.

Counsel also included a number of entries for time spent counseling Defendant's family. With respect to these entries, Counsel wrote: "[u]ndersigned counsel received constant communications from the defendant and his family. Counsel always kept open communication with defendant and his family and complied and assisted in all of their requests to the best of his ability." (Memorandum at 3). While the undersigned appreciates Counsel's willingness to assist Defendant's family as the case progressed, the Supplemental Instructions expressly provide that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable."

Time spent "holding the hand" of Defendant's family is not compensable under the CJA as it is time that did not contribute to Defendant's defense. Accordingly, Counsel should not be compensated for the following entries:

| Date | Description | Hours |
|---|---|---|
| 8/21/09 | Conf. with def's mother | 0.2 hours |
| 8/25/09 | Tel. Conf. with defendant's mother re charges | 0.2 hours |

| 9/4/09 | Tel. conf. with def's wife re court hearing and status | 0.1 hour |
|---|---|---|
| 10/14/09 | Tel. conf. with def's mother re status of case | 0.2 hours |
| 10/22/09 | Tel. conf. with def's mother re status of case | 0.1 hour |
| 12/17/09 | Tel. conf. with def's mother and wife re status | 0.2 hours |
| 1/25/10 | Conf. with Ms. Brock re status of case | 0.1 hour |
| 2/10/10 | Tel conf with def's mother | 0.2 hours |
| 2/10/10 | Tel. conf. with def's wife | 0.2 hours |
| 2/12/10 | Conf with def's mother and wife re status | 0.5 hours |
| 2/18/10 | Tel conf with def's wife re plea | 0.2 hours |
| 3/20/10 | Conf with Mr. Brock's mother re sentencing | 0.1 hour |
| 4/19/10 | Tel. conf with def's mother re sentencing | 0.2 hours |

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in the deductions listed above (which total $842.00), I recommend that Counsel should be paid $20,853.50 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full

compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted).  As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $20,853.50 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

### Expenses

Counsel sought $105.00 in "Travel Expenses." The CJA administrator reduced this amount to $50.00.  Counsel also sought $19.20 in "Other Expenses." I hereby approve $50.00 in Travel Expenses and $19.20 in Other Expenses.

### CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the May 27, 2010 Memorandum, the docket and filings in this case, I RECOMMEND that Counsel be paid $21,840.70 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Donald L. Graham, United States District Judge.

Signed this _20_ day of October, 2010.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Herman Frank Rubio, Esq.
Lucy Lara, CJA administrator